*804 Dissenting Opinion.
Todd, J.
The instrument in question, executed by Anderson in favor of Boyd, by its very terms is a mortgage. As declared therein, it was given for the purpose of better securing the debt of $25,950, owing by Anderson to Boyd. If this debt was paid, the instrument was to be void. If not paid, authority was given to the creditor, Boyd, to cause the sale of the property, and out of the proceeds he was to retain only the amount of his debt, interests and costs, and the balance was to be paid over to Anderson. Anderson, the debtor, was left in possession of the property.
The nominal consideration or price of ten dollars, for property worth many thousands, is not to be considered as making or affecting the character of the contract.
It fulfilled substantially, and we might say minutely, all the essential elements of a mortgage, and constituted a security given by the debtor on an immovable, in favor of his creditor, with power to sell the same if the debt was not paid, thus meeting the requisites of such a contract as prescribed by our Code. C. C. 3278.
The effect of such a contract should' be governed, in my opinion, by the law of the place where the immovable is situated, which is the object of the contract, regardless of its form. In fact, there is no particular form for a mortgage prescribed by our laws.
Speaking of an instrument almost identically of the same form as this, Mr. Justice Slidell, as the organ of the Court, in the case of Hayden vs. Nutt, 4 An. 71, said:
“ It is difficult to exclude this instrument, taken in its fair intendment, from the scope and definition given in our Code. The conventional mortgage is a contract by which a person binds the whole of his property, or a portion of it only, to secure the execution of some engagement, but without divesting himself of possession.”
Such an instrument has always been construed to be a mortgage by this Court in a long line of decisions. 1 M. N. S. 418; 2 N. S. 22; 10 L. 243; 4 An. 71; 5 An. 99: 2 An. 253; 15 An. 386; 23 An. 665.
This is admitted in the majority opinion, but the effect of a contract in this form, as a mortgage, it is ruled, should be confined to the contracting parties, and cannot affect third persons, and also is not to be extended to contracts made, or acts passed in this State. In my opinion, these conditions do not affect its character. If it is a mortgage between the contracting parties, its registry as a mortgage, and in the mortgage record book of the parish where the property is situated, should import the same effect to it against all the world.
The instrument was so recorded, and in my opinion, Godchaux, nor any one else, on looking at that record in the mortgage book, could *805 have had the slightest doubt that it gave unmistakable evidence of a mortgage.
If tiie effect of this contract is to be governed by the law of this State, where it was entered into, and if its terms and the language of the act fulfils the essential elements of a mortgage contract, as defined by our Code, as is manifest, then the fact that it was made and signed in this State by the parties personally therein, I think, rather strengthens than weakens its effect. At any rate, this circumstance should not, in my opinion, have any bearing prejudicial to the hypothecary character of the contract. In the case of Hutchings vs. Field et al., 10 L. 237, a writing similarly drawn was declared to be a mortgage, and effect was given to it as such against third persons, who claimed to have acquired rights under it at a sale from one of the original contracting parties, and this contract, in the case cited, was between parties living in this State, was passed here, and the subject of it was property situated in the State. See also, Wolf vs. Wolf, 12 An. 530; Watson vs. James, 15 An. 386.
I consider the contract essentially one of mortgage. It was recorded as such. Godchaux had notice of it, and was bound to knowthat itwas a mortgage. As such mortgage, it proved his, Godchaux’ mortgage, of a later date and, in my opinion, entitled Boyd, the holder of it, to a preference on the proceeds of the property.
For these reasons, I am constrained to dissent from the conclusions reached by the majority of the Court.